

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Dear Sir:                                    Opinion No. O-3477

Re: Whether a county attorney
is entitled to a 10% com-
mission upon amounts paid
to reimburse the Texas Un-
employment Compensation
Commission fund for bene-
fits erroneously paid be-
cause of misrepresentation.

In your letter of April 29th requesting an opinion of
this Department, you wish to be advised whether a county attor-
ney is entitled to a 10% commission upon amounts collected to
reimburse the Texas Unemployment Compensation Commission fund
for benefits erroneously paid to an employee because of mis-
representation.

As we construe your letter wherein you refer to Article
355, Vernon's Revised Statutes, 1925, the sole question for us
to decide is whether or not the collection of the particular
moneys described falls within the provisions of this statute
providing the 10% commission. This proposition confronts us
because the statutes of this State prescribe the amount of
the fees or commissions to be retained by or paid to the
various officers as compensation, and we do not find in the
Texas Unemployment Compensation Act, Article 5221b-1 et seq.,
Vernon's Annotated Civil Statutes, any provision authorizing
commissions to be retained or paid a county attorney for col-
lecting such moneys in the course of administering said Act.

Hon. Henry C. Kyle, page 2

Article 356, Revised Civil Statutes, 1925, provides:

"Whenever a district or county attorney has collected money for the State or for any county, he shall within thirty days after receiving the same, pay it into the treasury of the State or of the county in which it belongs, after deducting therefrom and retaining the commissions allowed him thereon by law. Such district or county attorney shall be entitled to ten per cent commissions on the first thousand dollars collected by him in any one case for the State or county from any individual or company, and five per cent on all sums over one thousand dollars, to be retained out of the money when collected, and he shall also be entitled to retain the same commissions on all collections made for the State or for any county. This article shall also apply to money realized for the State under the escheat law."

As previously stated, unless the 10% commission inquired about can be retained by virtue of and under the statute quoted, we must answer your question in the negative. In the law authorizing the existence and operation of the Texas Unemployment Compensation Commission, Articles 5221b-1 to 22, Vernon's Annotated Civil Statutes, we find no authority for the commission to contract for services, the consideration for which is paid out of the benefit or unemployment compensation fund.

It will be noted that the foregoing statute only covers money collected for the State or any county. We construe the word "money" as used to be money belonging to the county or State, and upon its collection, the officer is required by express language to pay same into the "Treasury of the State or of the county in which it belongs" less commissions on the money allowed him by law. In the recent unreported case of Friedman vs. American Surety Company of New York, et al, on a question certified from the Court of Civil Appeals, Tarrant County, Texas, the Supreme Court held that the money collected for such fund is not money belonging to the State, and it is never paid into the State Treasury, but such money is handled as a trust fund with the State Treasurer acting as trustee.

It is, therefore, the opinion of this Department that a county attorney is not entitled to be paid or retain any

Hon. Henry C. Kyle, page 3

commission on moneys collected for and belonging to the Texas
Unemployment Compensation Fund.

Yours very truly

APPROVED JUN 7 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

WmK:H

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN